UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PAULETTO ROGERS,

                Plaintiff,                     No. 14-13192

v.                                   District Judge Mark A. Goldsmith
                                   Magistrate Judge R. Steven Whalen

JASON BLICKENSDORF,

                Defendant.

_____/

## REPORT AND RECOMMENDATION

On August 18, 2014, Plaintiff Paulleto Rogers filed a *pro se* civil complaint. Before the Court is Defendant Jason Blickensdorf's Motion to Dismiss [Doc. #11], which has been referred for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons discussed below, I recommend that the motion be GRANTED and that the complaint be DISMISSED WITH PREJUDICE.

## I.   FACTS

Ms. Rogers' handwritten complaint [Doc. #1] is rambling and difficult to follow. A fair reading of the document, however, suggests that on or about April 20, 2014, Defendant Blickensdorf, a Police Officer, stopped her for operating her car while intoxicated. Ms. Rogers notes a "PBT" (Preliminary Breath Test) showing a blood alcohol level of .088 %.[1] A search warrant was obtained for a blood sample. She was ultimately convicted of operating under the influence of alcohol, and her drivers license was suspended. Ms. Rogers refers Michigan statutes dealing with the form of traffic

_____

[1] A PBT reading of .08% or higher authorizes a police officer to arrest a driver without a warrant. M.C.L. §§ 257. 625(1)(b), 257.625(a)(1) and (2).

citations.[2] She also appears to claim that either the traffic stop or the criminal proceedings against her were racially motivated or based on gender. She requests the following relief in Section III of her form complaint:

> "To appoint counsel, investigate my claims, waive fees, assign MJ judge–case no. Enforce federal and colors of law, cease and desist order of the injunction. Relief to stop a pattern of practice systematically, racially motivated because of color, race, origin, religion, gender, Equitable fair and just. Reduce OJP funding. Mandate oversight, fraud waste abuse."

Defendant Blickensdorf seeks dismissal based on lack of subject matter jurisdiction and failure to state a claim.[3]

## II.   STANDARD OF REVIEW

Fed.R.Civ.P. 12(b)(6) provides for dismissal of a complaint "for failure of the pleading to state a claim upon which relief can be granted." In assessing a Rule 12(b)(6) motion, the court accepts the plaintiff's factual allegations as true, and asks whether, as a matter of law, the plaintiff is entitled to legal relief. *Rippy v. Hattaway,* 270 F.3d 416, 419 (6th Cir. 2001).

In *Bell Atlantic Corp. v. Twombley*, 550 U.S 544 (2007), the Court,  construing the requirements of Fed.R.Civ.P. 8(a)(2), held that although a complaint need not contain detailed factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level...on the assumption that all the allegations in the complaint are true." *Id.*, at 555 (internal citations and quotation marks omitted). Further,

---

[2] Specifically, she cites M.C.L. §§ 257.727, 764.9f, 600.8705, and 600.8805.

[3] Defendant argues in part that because Ms. Rogers failed to plead diversity of citizenship, the Court lacks subject matter jurisdiction, and the complaint should be dismissed under Fed.R.Civ.P. 12(b)(1). However, in Section III of the Civil Cover Sheet, Ms. Rogers clearly indicates that both Plaintiff and Defendant are citizens of Michigan. Since this was not pled as a diversity case, and since the complaint is dismissible under Rule 12(b)(6) for failure to state a claim, it is not necessary to address Defendant's arguments under Rule 12(b)(1).

"a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (Internal citations and quotation marks omitted). *See also Association of Cleveland Fire Fighters v. City of Cleveland, Ohio* 502 F.3d 545, 548 (6th Cir. 2007). Stated differently, a complaint must "state a claim to relief that is plausible on its face." *Twombley*, at 570.

In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Court explained and expanded on what it termed the "two-pronged approach" of *Twombley*. First, it must be determined whether a complaint contains factual allegations, as opposed to legal conclusions. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*, at 678, citing *Twombley*, 550 U.S. at 555. Second, the facts that are pled must show a "plausible" claim for relief, which the Court described as follows:

> "Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'shown[n]'–'that the pleader is entitled to relief.'" 556 U.S. at 679 (internal citations omitted).

## III.   DISCUSSION

Fed.R.Civ.P 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The complaint must "contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory," and bare assertions of legal conclusions are insufficient. *Scheid v. Fanny farmer Candy Shops, Inc.,* 859 F.2d 434, 436 (6th Cir. 1988). The Sixth Circuit has recognized that such pleading requirements are mandatory,

even for *pro se* litigants. *Wells v. Brown,* 891 F.2d 591, 594 (6th Cir. 1989). A court "should not have to guess at the nature of the claim asserted." *Id*. The mere recitation of a legal theory–eg, excessive force or racial discrimination–unaccompanied by facts is insufficient. *Iqbal, supra*.

Ms. Rogers' complaint is devoid of any facts from which it could be plausibly inferred that Defendant Blickensdorf or anyone else violated her constitutional rights. Her response to the Defendant's motion [Doc. #13], is equally conclusory. Under *Iqbal*, the complaint must be dismissed.

In addition, to the extent that Ms. Rogers challenges her conviction for operating her car while intoxicated, her claim is barred under *Heck v. Humphrey*, 512 U.S. 477, 487 (1994), which holds that to recover civil damages based on an allegedly unconstitutional conviction, or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid," the plaintiff must show that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id*. at 486-87. Where success in the civil suit "would implicitly question the validity of conviction or duration of sentence, the litigant must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence." *Muhammad v. Close*, 540 U.S. 749, 750 (2004). Ms. Rogers has not pled facts to meet the element of favorable termination. Indeed, a fair reading of her complaint suggests that the conviction has *not* been reversed or set aside.

## IV. CONCLUSION

For these reasons, I recommend that Defendant's Motion to Dismiss [Doc. #11] be

GRANTED and that the complaint be DISMISSED WITH PREJUDICE.

Any objections to this Report and Recommendation must be filed  within fourteen (14) days of service of a copy hereof, including weekends and intervening holidays, as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir.  1991); *United States v. Walters,* 638 F.2d 947 (6th Cir.  1981).  Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir.  1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir.  1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, including weekends and intervening holidays, the opposing party may file a response.  The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.


/s/R. Steven Whalen_____
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Date: July 29, 2015

<u>Certificate of Service</u>

I certify that a copy of this order was served upon parties of record via electronic or postal mail.

/s/A. Chubb_____
CASE MANAGER