UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PAULLETO ROGERS,

       Plaintiff,                                     Case No. 14-cv-13192
                                                   HON. MARK A. GOLDSMITH

vs.

JASON BLICKENSDORF,

       Defendant.

_____/

**OPINION AND ORDER (1) OVERRULING PLAINTIFF'S OBJECTIONS  (Dkts. 16, 17), (2) ACCEPTING THE REPORT AND RECOMMENDATION DATED JULY 29, 2015 (Dkt. 15), (3) GRANTING DEFENDANT'S MOTION TO DISMISS (Dkt. 11), AND (4) DISMISSING THE CASE WITHOUT PREJUDICE**

**I.  INTRODUCTION**

In this case, Plaintiff Paulleto Rogers, proceeding pro se, brings suit against Defendant Jason Blickensdorf, a police officer with the City of Canton Police Department.  Plaintiff's claim apparently arises out of a May 20, 2014 traffic stop made by Defendant, at which Plaintiff was alleged to have been driving while intoxicated and was detained for a blood draw pursuant to a search warrant.  Because Plaintiff alleges violations of his constitutional rights by a local governmental actor, the Court construes his suit as bringing civil rights claims pursuant to 42 U.S.C. § 1983.  Dekoven v. Bell, 140 F. Supp. 2d 748, 756 (E.D. Mich. 2001).  Defendant filed a motion to dismiss (Dkt. 11), seeking dismissal under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

On July 29, 2014, Magistrate Judge R. Steven Whalen issued a report and recommendation ("R&R") (Dkt. 15).  The factual background and legal standards governing this case have been sufficiently set forth by the Magistrate Judge in his R&R and need not be

1

repeated here. The Magistrate Judge recommends that Plaintiff's complaint be dismissed for failure to state a claim on which relief can be granted. R&R at 3-4. In light of that recommendation, the Magistrate Judge did not reach Defendant's jurisdictional argument under Federal Rule of Civil Procedure 12(b)(1). For the reasons explained fully below, the Court overrules Plaintiff's objections, accepts the recommendation contained in the R&R, grants Defendant's motion to dismiss, and dismisses the case without prejudice.

## II. ANALYSIS

Pursuant to Federal Rule of Civil Procedure 72(b), this Court reviews de novo those portions of the Magistrate Judge's R&R to which specific objections have been made. The R&R recommends dismissal of Plaintiff's complaint because Plaintiff failed to allege a factual basis for his claim against defendant. In the alternative, the R&R concludes that Plaintiff's civil claim is barred because it "implicitly question[s] the validity of conviction or duration of sentence" — here, the penalties associated with the traffic stop — yet Plaintiff has not achieved "favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence" — a prerequisite to recovery in the civil case. Muhammad v. Close, 540 U.S. 749, 751 (2004); Heck v. Humphrey, 512 U.S. 477 (1994).

Plaintiff filed objections to the R&R (Dkts. 16, 17), and Defendant responded (Dkt. 18). Most of Plaintiff's objections comprise a list of case law, federal and state statutory law, court rules, and Amendments to the Constitution of the United States.[1] Plaintiff's apparent implication is that Defendant violated these provisions. However, these citations merely suggest legal conclusions that, without facts supporting such conclusions, are not responsive to the factual

---

[1] E.g., Plaintiff objected to the R&R "for the following reasons: . . . (6) 42 U.S.C. [§] 1983 . . . (10) Police misconduct. 4th, 8th, 14th Amendments [sic]. . . ." Pl. Objs. at 1 (cm/ecf pages) (Dkt. 17).

2

deficiencies identified by the R&R.

One of Plaintiff's specific objections warrants further discussion. Plaintiff asserts that Defendant had "no reason for stopping [him]." Pl. Objs. at 1 (cm/ecf page) (Dkt. 16). Indeed, in his complaint, Plaintiff appears to assert that Defendant "lied" and made "false statements" by attesting to the contents of the traffic citation. Compl. at 2 (cm/ecf page). That traffic citation reflected the probable cause for the traffic stop: Defendant's observation that Plaintiff failed to stop at a flashing red light and drove with his bright lights on. Pl. Resp. to Def. Mot. to Dismiss at 11 (cm/ecf page) (Dkt. 13). Plaintiff therefore asserted that Defendant "knowingly" performed the May 20, 2014 traffic stop without probable cause to believe that an offense had been, or was being, committed. Pl. Objs. at 1 (cm/ecf page).

However, like Plaintiff's other legal conclusions, his assertions regarding probable cause do not suffice to survive the pleading standard of Federal Rule of Civil Procedure 8. While the pleading standard of Rule 8 "does not require detailed factual allegations," it still "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted). "Threadbare recitals of all the elements of a cause of action, supported by mere conclusory statements do not suffice." Id. at 664. Further, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." Id. at 678.

Applying these principles in the context of a § 1983 claim, a Plaintiff does not satisfy Federal Rule of Civil Procedure 8 by making an unsupported assertion that probable cause is lacking. Kister v. Kelly, No. 2:12-cv-00572, 2015 WL 1412407, at *14 (S.D. Ohio Mar. 26, 2015). Without more, Plaintiff's assertion that Defendant initiated the traffic stop without probable cause is a legal conclusion couched as a factual allegation. A statement that Defendant had "no reason" to initiate the traffic stop is simply a conclusory recitation of a necessary

3

element for recovery under § 1983 — that Defendant deprived Plaintiff of a right secured by the Constitution, i.e., by performing a seizure that was unreasonable under the Fourth Amendment because he lacked probable cause, Delaware v. Prouse, 440 U.S. 648, 661 (1979).

Notwithstanding the analysis above, Plaintiff's claim is barred under Heck v. Humphrey, 512 U.S. 477 (1994), as the Magistrate Judge concluded. R&R at 4. The Heck rule provides that:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

Id. at 486–487 (footnote omitted) (emphasis added). Plaintiff carries the burden of pleading facts that show favorable termination of the allegedly unconstitutional conviction, id., and he has not done so in his complaint or any other filings to date.

Accordingly, Plaintiff is precluded from maintaining his suit against Defendant.

### III.  CONCLUSION

For the reasons set forth above, the Court accepts the recommendation contained in the R&R, overrules Plaintiff's objections, grants Defendants' motion to dismiss, and dismisses the case without prejudice.

SO ORDERED.

Dated:  August 31, 2015         s/Mark A. Goldsmith
Detroit, Michigan               MARK A. GOLDSMITH
                                United States District Judge

4

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 31, 2015.

                                        s/Carrie Haddon
                                        Case Manager